IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 1:16-cv-02083-LTB

DISH NETWORK L.L.C., a Colorado limited liability company

    Plaintiff,
v.

OPEN ORBIT CORPORATION, a New York Company and
SUJIT GHOSH, an individual resident of New York

    Defendants.

---

# MEMORANDUM OPINION AND ORDER

---

Babcock, J.

This case is before me on Plaintiff DISH Network LLC's amended application to confirm an arbitration award. (ECF No. 38.) DISH asks this Court to enforce an arbitration award against Defendant Sujit Ghosh even though he was not a party to the arbitration.

After initially reviewing the application and Mr. Ghosh's pro se response, I entered a show cause order asking DISH to show cause why this case should not be sent to arbitration in light of an arbitration provision in the relevant contract between DISH and Mr. Ghosh. DISH argues that a second arbitration is not needed because of a prior arbitration award in its favor against Defendant Open Orbit Corporation and Mr. Ghosh's promise to guarantee Open Orbit's performance. (ECF No. 38-2 at 1.)

I conclude that even though Mr. Ghosh was not a party to the arbitration between DISH and Open Orbit, the award can be enforced against him under the unique factual circumstances of this case. I thus GRANT DISH's application.

## I. BACKGROUND

DISH operates a direct broadcast satellite system and broadcasts movies, sports, and general entertainment programming to consumers who pay a subscription fee to DISH. Open Orbit was an authorized retailer for DISH, meaning it was allowed to market, promote, and solicit orders for DISH.

To become a retailer for DISH, Open Orbit signed a "DISH Network Retailer Agreement," which set forth the terms of the relationship between DISH and Open Orbit. (ECF No. 38-1.) To "induce [DISH] to enter into the DISH Network Retailer Agreement" with Open Orbit, Mr. Ghosh signed a personal guaranty in which he "personally, unconditionally and irrevocably guarantee[d] the full and timely performance of and by [Open Orbit] for all purposes under the Retailer Agreement." (ECF No. 38-2 at 1.)

In July 2015, DISH initiated arbitration against Open Orbit for various violations of the retailer agreement. A few months later, Mr. Ghosh asked the arbitrator to remove his name from the pending arbitration because he was neither an officer nor a shareholder of Open Orbit and to "nullify" his personal guaranty. (ECF No. 38-3.) The arbitrator denied Mr. Ghosh's request to nullify his personal guaranty, as well as his repeated requests for reconsideration. (ECF Nos. 38-3, 38-4, 38-5.) However, the arbitrator recognized that Mr. Ghosh was "not a party to this arbitration." (ECF No. 38-3.)

In June 2016, the arbitrator held an evidentiary hearing regarding DISH's claims against Open Orbit. Neither Mr. Ghosh nor Open Orbit appeared at the hearing. After the hearing, the arbitrator awarded DISH $220,609.54, comprised of $177,817.24 in actual damages and $42,792.30 in administrative expenses, costs and attorneys' fees. (ECF No. 38-7 at 2.) The arbitrator also awarded post-judgment interest. *Id.* The award was "in favor of Claimant DISH Network L.L.C., as against Respondent Open Orbit Corporation." (*Id.*)

DISH filed a motion to confirm the arbitration award with this Court under the Federal Arbitration Act (ECF No. 1), and Mr. Ghosh filed a motion for relief from the award (ECF No. 7). Magistrate Judge Shaffer recommended granting the motion to confirm the arbitration award against Open Orbit and entering default judgment against Open Orbit, which had not appeared in this Court to defend the case. (ECF No. 28.) With respect to Mr. Ghosh, Magistrate Judge Shaffer recommended granting his motion (in pertinent part) and dismissing the claim against him under Federal Rule of Civil Procedure 12(b)(6) without prejudice. (*Id.*) Judge Shaffer reasoned that because Mr. Ghosh was not a party to underlying arbitration and because DISH had not argued the award should be enforced against him as a non-party, its application to enforce the award against Mr. Ghosh was deficient. (*Id.* at 2-8). I accepted Judge Shaffer's recommendations in full. (ECF No. 31.)

DISH then filed an amended application to enforce the award, arguing that in light of Mr. Ghosh's personal guaranty, this Court should enforce the arbitration

3

award against him even though he was not a party to the underlying arbitration. Mr. Ghosh opposed the amended application. After reviewing those materials, I entered a show cause order directing DISH to address why the case should not be sent back to arbitration, consistent with arbitration provision in the personal guaranty signed by both DISH and Mr. Ghosh. (ECF No. 42.) Both DISH and Mr. Ghosh responded to the show cause order. (ECF Nos. 43-44.)

## II. ANALYSIS

Confirming an arbitration award is usually perfunctory. As provided in section nine of the Federal Arbitration Act ("FAA"), a party submits an application, the district court reviews the award, and the district court "must" grant the application except in unusual circumstances:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Section nine does not address whether a district court can confirm an arbitration award against someone who, like Mr. Ghosh, was not a party to the arbitration proceeding. The Tenth Circuit has not addressed this issue either. Accordingly, unlike in the usual section nine case, determining whether to grant DISH's application to confirm the award against Mr. Ghosh requires some analysis.

Federal courts have concluded that, in some limited circumstances, a district court may enforce an arbitration award against a non-party if the non-party's liability can be confirmed without implicating extensive factual issues. *See Diana*

4

*Compania Mar., S.A. of Panama v. Subfreights of S.S. Admiralty Flyer*, 280 F. Supp. 607, 616 (S.D.N.Y. 1968) (enforcing arbitration award against non-party subfreights); *Overseas Private Inv. Corp. v. Marine Shipping Corp.*, No. 02 CIV. 475TPG, 2002 WL 31106349, at *2 (S.D.N.Y. Sept. 19, 2002). For instance, in *Overseas Private Inv. Corp. v. Marine Shipping Corp.*, the district court held that an action to enforce an arbitration agreement against a non-party (who was the principle of a corporation that was a party) could proceed. The court reasoned that the arbitration agreement against the corporation was already decided, the non-party had the opportunity to raise defenses, and the court would have jurisdiction and venue over a separate action against the non-party. *Overseas Private Inv.*, 2002 WL 31106349, at *2.

In addition, courts have enforced arbitration agreements against a party who guaranteed a debt, so long as that party had notice of the proceedings. *United States ex rel. Aurora Painting, Inc. v. Firemen's Fund Ins. Co.*, 832 F.2d 1150, 1151 (9th Cir. 1987) (in separate action, holding that surety was bound by an arbitration award decision later ratified by a state court, even though the surety "was not a named party in the arbitration and made no appearances" because the surety had actual notice of the state court action, tendered its defense to the principal, and used the same counsel as the principal); *United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp.*, 995 F.2d 656, 660–61 (6th Cir. 1993) (surety was bound by a confirmed arbitration award because the surety had notice of the arbitration proceedings against the principal, was named as a defendant in the district court

complaint, and shared an attorney with the principal). While these cases are not wholly analogous to the circumstances here because the party seeking to enforce the award filed a *separate* action against the surety, they nevertheless stand for the proposition that a non-party surety can be bound by the outcome of arbitration proceedings.

In light of this precedent, I conclude that the arbitration award against Open Orbit can and should be enforced against Mr. Ghosh. While Mr. Ghosh was not a party to the arbitration, he both had notice of it and participated in it. He specifically and repeatedly asked the arbitrator to address the validity of the personal guaranty he signed. (ECF Nos. 38-3, 38-4, 38-5.) The arbitrator decided this issue against him and determined that he was personally liable for Open Orbit's obligations to DISH. (ECF Nos. 38-3, 38-4, 38-5.) The arbitrator also found that "[t]here is no subsequent agreement between DISH and Ghosh cancelling his Personal Guaranty," and warned that future attempts to try and invalidate the guaranty would be rejected absent new evidence. (ECF Nos. 38-3 at 2, 38-5.) Rather than accepting this outcome, Mr. Ghosh now wants to return to arbitration where a (presumably different) arbitrator would reexamine this issue.

But the arbitrator determined the personal guaranty Mr. Ghosh signed was valid, and that determination precludes Mr. Ghosh from relitigating the guaranty's validity in another proceeding. Issue preclusion generally applies when four elements are satisfied:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated

6

> on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (quotation omitted). These elements are all satisfied here. The first and second elements are met because the validity of Mr. Ghosh's personal guaranty was presented and decided in the prior arbitration. While Mr. Ghosh was not a party to the arbitration itself, he raised and actually litigated the validity of his personal guaranty in the arbitration, which meets the third element's requirement. Mr. Ghosh had a full and fair opportunity to litigate the validity of the personal guaranty in the arbitration, meeting the fourth element. *See B-S Steel Of Kansas, Inc. v. Texas Indus., Inc.*, 439 F.3d 653, 662 (10th Cir. 2006) ("This circuit has previously applied collateral estoppel to a confirmed arbitration award."). Because Mr. Ghosh is bound by the arbitrator's decision that the guaranty was valid, there are no factual or legal issues remaining regarding Mr. Ghosh's liability for Open Orbit's obligations to DISH.

All that remains is for a district court to enforce the arbitration award against Mr. Ghosh, as DISH requests. Mr. Ghosh consented to personal jurisdiction in this Court, (ECF No. 38-2 at 1), and I have subject matter jurisdiction even outside of the confines of the FAA, *see* 28 U.S.C. § 1332 (diversity jurisdiction). Mr. Ghosh had an adequate opportunity, both in this Court and before the arbitrator, to object to the enforcement of the award against him. Having fully considered his arguments, I find them unpersuasive. Mr. Ghosh is liable to DISH based on the

personal guaranty he signed. Because Open Orbit is liable to DISH for $236,034.08, with post-judgment interest to accrue at 1.07% (*see* ECF No. 31), Mr. Ghosh is liable to DISH for that same amount.

### III. CONCLUSION

I GRANT DISH's amended application. (ECF No. 38.) Judgment for $236,034.08, with post-judgment interest to accrue at 1.07% until paid, is entered in favor of DISH and against Mr. Ghosh.

Dated: March 19, 2018 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK